CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH EDWARD MOSS,    ) | |
|    Plaintiff,    ) | Case No. 7:23-cv-00112 |
|                       ) | |
| v.    ) | |
|                       ) | By: Michael F. Urbanski |
| STEPHANIE REED, et al.,    ) | Senior United States District Judge |
|    Defendants.    ) | |

## MEMORANDUM OPINION

Keith Edward Moss, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Lynchburg Mayor Stephanie Reed, former Mayor Mary Jane Dolan, Lynchburg Police Chief Ryan Zuidema, twelve officers with the Lynchburg Police Department (LPD), and eight employees of the Blue Ridge Regional Jail Authority (BRRJA). The case is one of several suits that Moss filed against municipal and correctional officials in 2023, and it includes some of the same claims asserted in Moss v. Trent, 7:23-cv-00110 (W.D. Va.), which remains pending. Having reviewed the complaint, the court concludes that the claims against Reed, Dolan, Zuidema, and the BRRJA officials must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on Moss's claims against the twelve LPD officers named as defendants.

### I.    Background

According to the complaint, which spans more than 100 pages, Moss was arrested by LPD Officers J.B. Cox and C.N. Harris on February 13, 2021. Compl. 15, ECF No. 1. He claims that the initial seizure and search of his person violated the Fourth Amendment and that he was subjected to excessive force in the course of the arrest. See id. at 15–23, 34–35,

89. At some point, LPD Officers C.D. Pritchard Williams, J. Massie, C.M. Booth, W.M. Witcher, M. Donnellan, B. Gibson, B. Ashley, J. Payne, and Rippy arrived on the scene, along with an unknown officer identified as "Unknown LPD Reporting Officer of Police Report CC #2021-002204." Id. at 39, 102. Moss claims that the police officers either used excessive force against him or failed to intervene in the use of excessive force. Id. at 39, 102. For instance, Moss alleges that some of the officers used their hands and feet to twist and stand on the chain connected to his leg shackles, while others failed to protect him from being harmed. Id. at 39. He further alleges that one of the officers slammed his head on the ground and that several of the officers punched him in the face after he was placed in a patrol car. Id. at 39–40.

Following his arrest, Moss was taken to the Lynchburg Adult Detention Center (LADC), a correctional facility operated by the BRRJA. He alleges that LADC Officer J. Clark conducted a "disgraceful strip search" after he arrived there, during which Clark spread open his buttocks to observe his anal cavity. Id. at 25–26. Moss claims that the search violated his rights under the Fourth Amendment. Id. at 27, 94. Moss also claims that he was "severely injured" when he arrived at the detention center and that LADC Officers J. Clark, J.A. Miller, B. Barker, and J. Hamlett acted with deliberate indifference to his serious medical needs. Id. at 69–71, 103.

Moss alleges that Mayor Reed is "legally responsible for the overall operation of the City of Lynchburg and each department under the City of Lynchburg's jurisdiction, including the Lynchburg Police Department," and that former Mayor Dolan had the same responsibilities at the time of the "police-citizen encounter" on February 13, 2021. Id. at 11.

Moss further alleges that he "wrote a personal letter" to Dolan regarding the events giving rise to this action and that he did not receive a response. Id. at 66. He asserts that Dolan "failed to properly oversee and/or reasonably respond to the unlawful conduct of the [LPD]." Id. Similarly, Moss asserts that LPD Chief Zuidema "failed to properly oversee and/or correct the misconduct of law enforcement officers assigned to the [LPD]" and that BRRJA Administrators Trent, Salmon, Moore, and Enochs "fail[ed] to properly oversee and reasonably respond to the misconduct of the officers assigned to the [LADC]." Id. at 68, 104. Based on these assertions, Moss claims that the supervisory officials violated his constitutional rights. Id. at 104.

## II.  Standards of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous [or] malicious." 28 U.S.C. § 1915A(b)(1). "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss them as frivolous or malicious" pursuant to this provision. McClary v. Lightsey, 673 F. App'x 357, 357 (4th Cir. 2017) (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)). "Generally, lawsuits are duplicative if the parties, issues, and available relief are not different from each other." Id.

The court must also "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   Discussion

**A.  Claims Against Clark, Miller, Barker, Hamlett, Trent, Salmon, and Enochs**

Having reviewed the complaint, the court concludes that the claims against defendants Clark, Miller, Barker, Hamlett, Trent, Salmon, and Enochs must be dismissed as duplicative. One form of duplicative litigation involves what is referred to as "claim splitting." Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp., 273 F. App'x 256, 265 (4th Cir. 2008). "The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." Id. Pursuant to this rule, a second claim is barred "if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." Id. (internal quotation marks omitted). "When one suit is pending in federal court, a plaintiff has no right to assert another action on the same subject in the same court, against the same defendant at the same time." Id. (internal quotation marks omitted).

As summarized above, Moss claims that he was unlawfully strip-searched by Clark upon entering the LADC on February 13, 2021. He also claims that he was severely injured when he arrived at the detention center and that Clark, Miller, Barker, and Hamlett acted with deliberate indifference to his serious medical needs. The complaint filed in Moss v. Trent, No. 7:23-cv-00110, includes nearly identical allegations and claims against the same defendants.

See Moss v. Trent, No. 7:23-cv-00110, Compl. ¶ 32 (alleging that Clark "grop[ed] and inspected the plaintiff's genitalia while effectuating [an] unlawful strip search" on February 13, 2021); Id. ¶ 30 (alleging that Clark, Miller, Hamlett, and Barker "assisted with placing the severely injured plaintiff into detention"); Id. ¶¶ 41, 45 (alleging that Clark, Miller, Hamlett, and Barker failed to respond to the plaintiff's requests for medical care). Likewise, as is true in this case, the complaint filed in Moss v. Trent seeks to hold defendants Trent, Salmon, and Enochs liable in their supervisory capacities for the actions or inactions of subordinate correctional officers. See id. ¶¶ 4–6 (alleging that Trent, Salmon, and Enochs were "responsible for the operation of" the LADC).

Having reviewed the complaints filed in both cases, the court concludes that the claims asserted in this action against Clark, Miller, Barker, Hamlett, Trent, Salmon, and Enochs are duplicative of claims asserted in Moss v. Trent. The claims involve the "same subject," and they are being pursued "in the same court, against the same defendant at the same time." Sensormatic Sec. Corp., 273 F. App'x at 254. Accordingly, the claims against these seven defendants will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

**B. Claims Against Moss, Dolan, Zuidema, and Moore**

Moss seeks to hold Moss, Dolan, and Zuidema liable under § 1983 for the actions or inactions of LPD officers, and he seeks to hold Moore liable under § 1983 for the actions or inactions of correctional officers at the LADC. For the following reasons, the court concludes that the claims against these defendants must be dismissed for failure to state a claim upon which relief may be granted.

5

To the extent that Moss seeks to hold the named defendants liable for failing to investigate or take other actions in response to the particular incidents described in the complaint, Moss has no viable claim against any of the defendants under § 1983. As the Supreme Court has explained, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; see also id. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). An official's "mere knowledge" of unconstitutional conduct does not provide a basis for liability under § 1983. King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (quoting Iqbal, 556 U.S. at 677); see also George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("George's argument on the merits is that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself. That proposition . . . is not correct. Only persons who cause or participate in the violations are responsible.").

Moss's allegations are also insufficient to satisfy the three-factor test for supervisory liability set forth in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). "That test asks (1) whether 'the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury'; (2) whether 'the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) whether 'there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Younger, 79 F.4th 373, 384 n. 16 (4th Cir. 2023) (quoting Shaw, 13 F.3d at 799). To satisfy the first element, a plaintiff must show that "the

6

conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (internal quotation marks omitted). "As to the second element, a plaintiff may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." Id. (internal quotation marks omitted). Finally, as to the third element, "[c]ausation is established when the plaintiff demonstrates an affirmative causal link between the supervisor's inaction and the harm suffered by the plaintiff." Shaw, 13 F.3d at 799 (internal quotation marks omitted).

Moss's complaint does not contain sufficient facts to support each of these elements. His conclusory assertions against Moss, Dolan, Zuidema, and Moore fail to state a cognizable claim of supervisory liability under § 1983.\* See King, 76 F.4th at 269 (holding that an inmate's "boilerplate" allegations against supervisory prison officials did not state a claim for relief); Hoffman v. Office of the State Att'y, 793 Fed. Appx. 945, 954 (11th Cir. 2019) ("Because the plaintiffs' claims of supervisory liability are supported by conclusory allegations, the complaint does not contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, the claims against Moss, Dolan, Zuidema, and Moore will be dismissed for failure to state a claim upon which relief may be granted.

---

\* The court also notes that Moss does not plausibly allege that the Mayor of the City of Lynchburg supervises the LPD or individual LPD officers. Consequently, the claims against Reed and Dolan are also subject to dismissal on this ground. See, e.g., Burney v. Valentin, No. 3:23-cv-00160, 2023 WL 4562842, at \*10 (E.D. Va. July 17, 2023) (holding that the plaintiff failed to state a claim against the Mayor of the City of Richmond for actions allegedly taken by officers with the Richmond Police Department).

## IV.     Conclusion

For the reasons stated, the claims against Clark, Miller, Barker, Hamlett, Trent, Salmon, Reed, Dolan, Zuidema, and Moore will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on the claims asserted against Cox, Harris, Booth, Williams, Witcher, Massie, Donnellan, Gibson, Ashley, Payne, Rippy, and the Unknown LPD Reporting Officer of Police Report CC #2021-002204.

An appropriate order will be entered.

Entered: September 5, 2024

Mike Urbanski
Senior U.S.District Judge
2024.09.05 10:36:37
-04'00'

Michael F. Urbanski
Senior United States District Judge