CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 12, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH EDWARD MOSS, ) | |
|    Plaintiff, ) | Case No. 7:23-cv-00112 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| C.M. BOOTH, et al., ) | Senior United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION

Keith Edward Moss, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that officers with the Lynchburg Police Department (LPD) violated his constitutional rights during the course of his arrest. The case is presently before the court on a motion to dismiss filed by eleven defendants (collectively, the LPD Officers), ECF No. 40, and Moss's motions for leave to file an amended complaint, ECF Nos. 27 and 45. For the reasons set forth below, the LPD Officers' motion to dismiss is **DENIED**, and Moss's motions to amend are **GRANTED**.

## Background

According to the complaint, Moss was arrested by LPD Officers J.B. Cox and C.N. Harris on February 13, 2021. Compl., ECF No. 1, at 15. He claims that the initial seizure and search of his person violated the Fourth Amendment and that he was subjected to excessive force in the course of the arrest. See id. at 15–23, 34–35, 89. At some point, LPD Officers C.D. Pritchard Williams, J. Massie, C.M. Booth, W.M. Witcher, M. Donnellan, B. Gibson, B. Ashley, J. Payne, and Rippy arrived on the scene, along with an unknown officer identified as "Unknown LPD Reporting Officer of Police Report CC #2021-002204." Id. at 39, 102. Moss claims that the police officers either used excessive force against him or failed to intervene in

the use of excessive force. Id. at 39, 102. For instance, Moss alleges that some of the officers used their hands and feet to twist and stand on the chain connected to his leg shackles, while others failed to protect him from being harmed. Id. at 39. He further alleges that one of the officers slammed his head on the ground and that several of the officers punched him in the face after he was placed in a patrol car. Id. at 39–40.

The LPD Officers have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that Moss's claims are barred by the applicable statute of limitations. ECF No. 40. Moss has opposed the motion in a response styled as a motion to dismiss. ECF. No. 43. Moss has also moved for leave to file an amended complaint. ECF Nos. 27, 45. These motions are ripe for review.

## Discussion

### I. Defendants' Motion to Dismiss

Rule 12(b)(6) permits defendants to seek dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The LPD Officers seek dismissal of the claims against them on the basis that the claims are barred by the applicable statute of limitations. "[T]he statute of limitations is an affirmative defense, meaning that the defendant[s] generally bear[] the burden of affirmatively pleading its existence." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006) (citing Fed. R. Civ.

P. 8(c)). Although a motion to dismiss under Rule 12(b)(6) "invites an inquiry into the legal sufficiency of the complaint" rather than "an analysis of potential defenses," Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996), an affirmative defense may be addressed through a motion to dismiss "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint," Goodman v. PraxAir, Inc., 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. (emphasis in original) (internal quotation marks and alterations omitted).

Because "[t]here is no federal statute of limitations for § 1983 claims, . . . the state limitations period which governs personal injury actions is applied." Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, a two-year limitations period applies to actions for personal injuries. See Va. Code Ann. § 8.01-243(A). Assuming that all of Moss's claims against the LPD Officers accrued on the date of his arrest—February 13, 2021—he had until February 13, 2023, to file suit against them.*

The LPD Officers argue that Moss did not file his complaint "until February 17, 2023, four days after the statute of limitations had lapsed." Defs. Mem. Supp. Mot., ECF No. 41, at 3. However, February 17, 2023, is merely the date on which Moss's complaint was docketed by a deputy clerk after being received through the mail. See ECF No. 1. Because Moss is

---

* Although state law determines the length of the limitations period, the accrual of a § 1983 claim is governed by federal law. See Wallace v. Kato, 549 U.S. 384, 388 (2007). Under the "standard rule" of accrual, which is informed by common-law tort principles, a plaintiff's claim accrues when he has a "complete and present cause of action." Id. (internal quotation marks omitted). In other words, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995).

3

incarcerated, he benefits from the "prison mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988). Pursuant to this rule, a pro se inmate's legal papers are considered "filed" upon "delivery to prison authorities, not receipt by the clerk." Id. at 275; see also Lewis, 947 F.2d at 735 (applying the prisoner mailbox rule in a § 1983 case). "The foundational rationale for the prison mailbox rule is that a prisoner should not be held accountable for the handling of his mail where he has no control." United States v. McNeil, 523 F. App'x 979, 982 (4th Cir. 2013) (citing Houston, 487 U.S. at 271).

Here, the record indicates that Moss signed the complaint on February 10, 2023, less than two years after being arrested. See Compl. at 3, 110. Although the envelope containing the complaint was not postmarked until February 15, 2023, the postmark date is not necessarily the date on which the complaint was "deliver[ed] to prison authorities" for mailing. Houston, 487 U.S. at 275. "Absent evidence to the contrary," courts often "assume that a prisoner delivered a filing to prison authorities on the date he signed it." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that Butler turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule."); Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) ("Under [the prison mailbox rule], a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court. Cases expand the understanding over this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint."); Marsh v. Soares, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed."); Brown v. Clarke, No. 1:23-cv-00315, 2024 WL 4486179, at *2 (E.D. Va. Sept. 13, 2024)

4

("Plaintiff signed and dated the Complaint on February 17, 2023. The Court treats this as the date the Complaint was mailed and 'filed.'") (internal citation omitted). Because it is not clear from the face of the complaint that the two-year statute of limitations expired before Moss delivered the complaint to prison officials for mailing, the claims against the LPD Officers cannot be dismissed as untimely under Rule 12(b)(6).

For these reasons, the motion to dismiss filed by the LPD Officers will be denied. In light of the court's ruling, the court finds it unnecessary to address the arguments raised in Moss's response in opposition. To the extent the response is styled and docketed as a motion to dismiss, the motion will be dismissed as moot.

## II.    Motion to Amend

Moss has moved for leave to file an amended complaint. A party may amend a pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are directed to "freely give leave [to amend] when justice so requires." Id. This directive is "not simply a suggestion, but rather a 'mandate to be heeded.'" Devil's Advocate, LLC v. Zurich Am. Ins. Co., 666 F. App'x 256, 267 (4th Cir. 2016) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962). "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009).

Here, Moss filed his first motion to amend within the time period in which he could do so "as a matter of course"—meaning without the defendants' consent or the court's leave. Fed. R. Civ. P. 15(a)(2); see also Ellis v. Werfel, 86 F.4th 1032, 1037 (4th Cir. 2023). Although

5

the defendants have opposed the second motion to amend on the basis of futility, they rest their futility argument solely on the assertion that Moss's claims are barred by the statute of limitations. Because the limitations defense cannot be resolved on a motion to dismiss, it does not provide a valid basis for denying leave to amend. See Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (explaining that a "proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss") (internal quotation marks omitted). Consequently, the court will grant Moss's motions to amend and permit him to file an amended complaint within 30 days.

## Conclusion

For the reasons stated, the defendants' motion to dismiss, ECF No. 40, is **DENIED**, and Moss's motion to dismiss the defendants' motion, ECF No. 43, is **DISMISSED** as moot. Additionally, Moss's motions for leave to file an amended complaint, ECF Nos. 27 and 45, are **GRANTED**. Moss must file an amended complaint within 30 days. An appropriate order will be entered.

Entered: May 12, 2025

Mike Urbanski
Senior U.S. District Judge
2025.05.12 12:01:42
-04'00'

Michael F. Urbanski
Senior United States District Judge